BENSON et al. v. DRITCH et al.

No. 15281.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 30, 1951.

Rehearing Denied Dec. 21, 1951.

J. Manuel Hoppenstein, of Dallas, for appellant.

Corenbleth, Thuss & Jaffe, and Harold C. Abramson, all of Dallas, for appellee.

HALL, Chief Justice.

Appellant, Mrs. Selma Benson, et vir, sued appellees M. R. Dritch and George L. Fischl in the county court at law of Dallas County to recover rents in the sum of $600, alleged due her under a written lease executed by appellees, as lessees, and her alone, as lessor, without the written consent of her husband, she being at the time a married woman.

The trial court sustained appellees' special exception No. 4 interposed to appellants' amended petition, to-wit: "To the allegations of paragraph 2 of said petition, for the reason that the lease which is the basis of this suit is nullity and had no effect, and therefore the relation of landlord and tenant did not exist." Appellants declining to amend, perfected their appeal after dismissal of the case by the trial court.

The appeal consists of two points, to-wit:

"*First Point.* The Court erred and should not have sustained Special Exception 4 and rendered judgment in favor of the appellees for the reason that the Plea of Coverture of a party to a written lease agreement is personal to the married woman and is no defense to the Defendant in an action properly brought by the married woman.

"*Second Point.* The Court erred in entering judgment in favor of the Appellees and dismissing Appellants' suit for the reason that a written lease agreement on separate property of a married woman signed solely by the married woman, without the joinder of her husband is not void, and that the alleged defect of non joinder of husband is personal to the wife, cannot be interposed by another, and only the wife can take advantage of the alleged defect."

Appellees' pleadings pertinent to the appeal are substantially as follows: That the property in question, located at 2615 North Akard Street, Dallas, Texas, was her separate property; that appellees leased said property from her on or about February 16, 1948, for a term of two years, beginning the 20th day of February, 1948 and terminating the 19th day of February, 1950; that appellees went into possession and occupied the premises under said written lease; thereafter on or about the 1st day of September, 1948 of the same year, appellees made, executed and delivered to appellant an additional written lease (the one in question) covering the same property for a term of three years beginning the 20th day of February, 1950 and terminating on the 19th day of February, 1953 at a rental of $50 per month. This lease was executed by appellant as lessor, without the joinder of her husband, she being then and there a married woman. Appellant, Mrs. Selma Benson, did not appear before a notary public or any other competent officer to take acknowledgments. Said written instrument was refused by appellees prior to the date on which same was to take effect.

Appellants' contention is, "Accordingly the sole issue before the Court is whether or not a Defendant may defeat the enforceability of a lease agreement by pleading coverture of the lessor in connection with a lease on separate property."

Appellees take issue with appellants' contention that they plead coverture as a defense, but it is appellees' contention that the alleged contract was not enforceable.

We agree with appellees that non joinder of the husband to a written instrument placing an encumbrance upon the separate real estate of the wife is unenforceable under Articles 1299, 4614 and 6605, Vernon's Annotated Civil Statutes.

There being no issue of an estoppel before us, we affirm judgment of the trial court.